IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FULCRUM CREDIT PARTNERS LLC | § § | |
| Plaintiff, | § § | Case No. A-10-CA-137 LY |
| STRATEGIC CAPITAL RESOURCES, INC. | § § | |
| Defendant. | § § | |

### DEFENDANT'S ANSWER AND MOTION TO DISMISS

Defendant **STRATEGIC CAPITAL RESOURCES, INC.** ("Defendant" or "Strategic"), pursuant to the Federal Rules of Civil Procedure, files this its Original Answer and Motion to Dismiss pursuant to Rule 12(b)(6) as follows:

### ANSWER

1. Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Original Petition (the "Complaint").[1]

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3. Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4. Because this case has been removed to this Federal District Court, the allegation contained in Paragraph 4 of Complaint does not require a response.

---

[1] Because this claim was removed, Defendant is making its responses to Plaintiff's Original Petition as if the petition were a Complaint.

5. Defendant is without information and belief sufficient to form admit or deny the allegations in Paragraph 5 of the Complaint, and therefore denies same.

6. Defendant admits the allegations of Paragraph 6 of the Complaint.

7. Defendant admits the allegations of Paragraph 7 of the Complaint.

8. Defendant denies the allegations of Paragraph 8 of the Complaint.

9. Defendant denies the allegations of Paragraph 9 of the Complaint.

10. Defendant admits the allegations of Paragraph 10 of the Complaint.

11. Defendant is without information and belief sufficient to admit or deny the allegations in Paragraph 11 of the Complaint, and therefore denies same.

12. Defendant admits that it engaged in negotiations with Plaintiff to sell the claims referenced in the first sentence of Paragraph 12 of the Complaint, but denies that negotiations began in October of 2009. Defendant denies the remainder of Paragraph 12 of the Complaint.

13. Defendant admits the first sentence of Paragraph 13 of the Complaint. Defendant is without information and belief sufficient to admit or deny the remaining allegations contained in Paragraph 13 of the Complaint and therefore denies same.

14. Defendant admits the allegations of all but the last sentence of Paragraph 14 of the Complaint. Defendant is without information and belief sufficient to admit or deny the allegation regarding reliance in the last sentence of contained in Paragraph 14 of the Complaint and therefore denies same. Defendant admits that Plaintiff forwarded a proposed Purchase and Sale Agreement to Defendant but would show that the Agreement sent differed in material respects, primarily the inclusion of recourse language, from Defendant's understanding of the negotiations. Further, Plaintiff never informed Defendant that it intended to resell these claims.

15. Defendant denies the allegations of Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in the first sentence of Paragraph 16 of the Complaint. Defendant admits that he made the statements contained the remainder of Paragraph 16 of the Complaint, but would show that this description is incomplete.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant incorporates by reference its responses to Paragraphs 1-17 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant would show that Paragraph 21 of the Complaint does not require a response.

## AFFIRMATIVE DEFENSES

22. Pursuant to Rule 12(b)(6), Defendant would show that Plaintiff's case should be dismissed for failure to state a claim upon which relief may be granted. Defendant would show that there was no contract formed between the parties.

23. Defendant would show that the relief sought by Plaintiff is barred by the Statute of Frauds.

24. Defendant would show that no contract was ever formed between the parties, including, without limitation, no agreement as to all material terms, including without limitation, no agreement as to the existence or terms of recourse obligations.

25. To the extent the Court finds there to have been a contract between the parties, which Defendant specifically denies, Defendant would show that Plaintiff's course of conduct herein was deceptive and designed to mislead Defendant and is therefore Plaintiff's claims are barred by fraud and/or negligent misrepresentation.

26. Defendant would show that Plaintiff's actions in negotiations relating to this matter constitute actions in bad faith and lack the good faith required in dealings on every contract.

27. Defendant would show that Plaintiff has waived, and is therefore estopped from asserting, any claims regarding invalidity of assignments of claims by Defendant in light of its failure to timely object to those assignments in the bankruptcy court for the Southern District of Florida, where such claims against TOUSA and TOUSA Homes are presently pending.

WHEREFORE, Defendant Strategic Capital Resources, Inc. prays that Plaintiff's claims and causes of action herein be, in all things, DENIED, and that Defendant recover such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

WILSON CRIBBS & GOREN, P.C.

By: _____
H. Fred Cook
State Bar No. 04732500
2500 Fannin St.
Houston, Texas 77002
713-222-9000
713-229-8824 – Fax
Email: hfcook@wcglaw.net

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

A true and correct copy of Defendant's Answer and Motion to Dismiss was served upon all known counsel of record set forth below through the court's electronic filing systems this 31st day of March, 2010.

Collin Cox
Yetter, Warden & Coleman, L.L.P.
909 Fannin, Suite 3600
Houston, Texas 77010
Facsimile 713-632-8002
Email: ccox@ywcllp.com

R. Paul Yetter
Yetter, Warden & Coleman, L.L.P.
909 Fannin, Suite 3600
Houston, Texas 77010
Facsimile 713-632-8002

H. Fred Cook