IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FULCRUM CREDIT PARTNERS LLC, <br>     Plaintiff, <br> <br> v. <br> <br> STRATEGIC CAPITAL RESOURCES, <br> INC. <br>     Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. A-10-CA-137 LY |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Fulcrum Credit Partners LLC, through its attorneys, files this First Amended Complaint against Strategic Capital Resources, Inc. ("Strategic Capital"). Based upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other persons and matters, Fulcrum respectfully alleges as follows:

**Nature of the Claims**

1. In February 2010, Strategic Capital, whose principal activity is to purchase and lease fully furnished model homes to major publicly traded homebuilders, agreed in writing to sell Fulcrum, an Austin-based investment firm, valuable claims in the Chapter 11 bankruptcy of TOUSA Homes, Inc. ("TOUSA"), a Florida-based homebuilding company with a significant presence in Texas. Strategic Capital agreed to sell the claims to Fulcrum at an agreed price on customary terms. After negotiations, Strategic Capital stated that the parties' agreement was "Confirmed."

2. Acting in reliance on Strategic Capital's representations and the terms of their deal, Fulcrum was reasonably certain to sell the claims to a third party for a higher price or realize significant value on the claims through the ultimate reorganization of TOUSA. But at the

**Exhibit A**

eleventh hour, Strategic Capital reneged and later told Fulcrum it instead accepted the offer of Jefferies Leveraged Credit Products, LLC, another buyer.

3. Strategic Capital has been unjustly enriched by its actions, which deprived Fulcrum of the benefit of the parties' bargain. Fulcrum has no recourse but to bring these claims for its expected profits and other damages to which it is entitled under New York law.

**Parties**

4. Plaintiff is a corporation organized under the laws of the State of Texas, with its home office and principal place of business in Texas.

5. Defendant Strategic Capital Resources, Inc. is a Florida corporation. Strategic Capital may be served through its designated agent for service of process in Texas, Reid C. Wilson, at 2500 Fannin Street, Houston, Texas 77002.

**Jurisdiction and Venue**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334, because there is complete diversity of citizenship among the parties.

7. This Court has personal jurisdiction over Strategic Capital. Strategic Capital, through its business activities in Texas, has created continuous and systematic contacts with Texas. In addition, Strategic Capital, through the actions of its officers and employees, engaged in business in Texas by means of breaching a contract or committing torts in the state, which is the basis for the claims against it. The injuries Strategic Capital has inflicted on Fulcrum are felt in this State, and Strategic Capital knew or should have known that the harmful effects of its conduct would occur here. Jurisdiction over Strategic Capital is therefore proper.

**Facts Giving Rise to These Claims**

A.  **Strategic Capital Agrees to Sell the Bankruptcy Claims.**

8.  Strategic Capital is dedicated to the acquisition, development, leaseback and sale of residential real estate. Among Strategic Capital's assets are claims against TOUSA, the homebuilding arm of Tousa, Inc., a company that builds, designs, and markets residential homes. TOUSA owed Strategic Capital a repurchase obligation to buy back several hundred property lots, worth approximately $46 million. On January 29, 2008, TOUSA filed for Chapter 11 bankruptcy protection.

9.  Fulcrum is an investment firm whose business includes providing a financial market for distressed assets, such as valid claims against bankrupt companies, at negotiated discounts. It then holds or resells them to later buyers, to secure a higher return in the future. For sellers of such impaired claims like Strategic Capital, Fulcrum provides a valuable source of ready cash for otherwise illiquid assets.

10. From October 2009 through February 2010, Strategic Capital and Fulcrum negotiated over an acceptable price for the approximately $46 million (face value) in claims that Fulcrum was interested in buying. On February 4, 2010, Strategic Capital stated that it was "confirmed with two week closing" that Fulcrum would purchase "all 46MM of the TOUSA claim." Fulcrum sent an electronic "confirm" on February 5, confirming the essential terms of the agreement, and incorporating Fulcrum's standard terms and conditions.

11. Strategic Capital had numerous phone conversations throughout this period with Fulcrum in Texas. Consistent with financial industry trading standards and with Fulcrum's own business practices, those conversations were automatically recorded. During one of those conversations on February 5, David Miller, Chairperson for Strategic Capital, confirmed on Strategic Capital's behalf that "I'm going to sell and you're going to buy," and stated that

they "have a deal on it, absolutely." Then, on February 22, Mr. Miller again reconfirmed the agreement on Strategic Capital's behalf, responding "yeah, we do" to Fulcrum's statement: "We have an agreement between the two of us."

12. Strategic Capital made it clear that the deal need not close within the two week period:

> You can tell your back office that the closing date will take place when you guys are satisfied as to the claims…I don't want to put you under pressure. We aren't talking about chump change here and you have a right to do your due diligence. If it takes a little more time, then it's going to take a little more time. Period. I don't want to hold a gun to your head and say you have to buy it by noon tomorrow or you're gone. That's not fair.

Strategic Capital emphasized that if closing were to take more time it "absolutely [has] no issue whatsoever." Relying on this open-ended closing date, on February 23, Fulcrum forwarded a Purchase and Sale Agreement to Strategic Capital for its review and execution.

13. Strategic Capital knew Fulcrum would rely on these representations. It knew Fulcrum was looking for possible purchasers of the claims who might pay more than its purchase price. In early February 2010, Fulcrum was reasonably certain of either selling the claims to a third party for a higher price or realizing significant value on the claims through the ultimate reorganization of TOUSA. Either way, assuming Strategic Capital performed the deal as promised, Fulcrum would earn a profit.

### B. Strategic Capital Reneges on the Deal.

14. Strategic Capital got seller's remorse about its contract with Fulcrum. On February 23, Mr. Miller wrote Fulcrum that he believed that "the agreement is an absolute joke." He added that, instead of following through with its deal with Fulcrum, Strategic Capital is

"prepared to sell these claims to a credible buyer." When Fulcrum attempted to reason with Mr. Miller on February 23, he responded: "sue me."

15. On February 25, Fulcrum received notice that Strategic Capital intended to sell $15 million of its TOUSA claims to Jefferies pursuant to an Assignment of Claims agreement executed on February 24. Apparently Strategic Capital and Jefferies currently are in discussions concerning another $20 million block of TOUSA claims that Strategic Capital owns, despite Jefferies' knowledge that Strategic Capital has already sold all of its claims to Fulcrum.

16. For Fulcrum, this was a complete surprise, wholly contrary to the parties' agreement, and a blatant attempt to evade the terms to which Strategic Capital had agreed.

**First Cause of Action**
**(Breach of Contract)**

17. The material facts alleged above are incorporated by reference.

18. Fulcrum has a claim for breach of contract that has matured against Strategic Capital. Strategic Capital breached the contract by failing to satisfy the terms of the agreement, namely, to convey approximately $46 million in claims from the TOUSA bankruptcy to Fulcrum for a particular purchase price. All conditions precedent have occurred prior to the bringing of this action, and Fulcrum has fully performed its own obligations under the contract.

19. As a direct result of Strategic Capital's breaches of its contract duties, Fulcrum incurred additional costs, in an amount to be determined at trial.

**Second Cause of Action**
**(Unjust Enrichment)**

20. The material facts alleged above are incorporated by reference.

21. Strategic Capital has obtained an unjust benefit through an arrangement that has not been performed or is now impossible given the parties' current relationship. It

promised to sell Fulcrum its TOUSA bankruptcy claims. By instead retaining or reselling those claims, and reneging on the sale, Strategic Capital has been unjustly enriched. Fulcrum seeks disgorgement of Strategic's ill-gotten gains.

### Third Cause of Action
### (Money Had and Received)

22. The material facts alleged above are incorporated by reference.

23. Strategic Capital currently holds money that in equity and good conscience belongs to Fulcrum. It agreed to sell Fulcrum its TOUSA claims, but instead reneged and received a greater profit by selling the claims to another buyer for a higher price or holding on to the claims for payout in the bankruptcy process. The profit has accrued to Strategic Capital and it properly belongs to Fulcrum. Fulcrum seeks the return of this money and disgorgement of Strategic Capital's ill-gotten gains.

### Jury Demand

24. Fulcrum demands a trial by jury of all material disputed fact issues.

### Prayer for Relief

Fulcrum respectfully requests that, after final hearing or trial, the Court enter final judgment against defendant Strategic Capital and in favor of Fulcrum, and that Fulcrum be awarded the following relief:

1. All actual and consequential damages to which Fulcrum is entitled;

2. All costs of this action and reasonable attorney fees that Fulcrum incurs in prosecuting this action;

3. Pre- and post-judgment interest as permitted by law; and,

4. All other and additional relief to which Fulcrum may show itself to be justly entitled, whether at law or in equity.

April 26, 2010                                        Respectfully submitted,

/s/ Collin J. Cox
Collin J. Cox
State Bar No. 24031977
Deborah J. Karakowsky
State Bar No. 24065537
YETTER, WARDEN & COLEMAN, LLP
909 Fannin, Suite 3600
Houston, Texas 77010
(713) 632-8000
(713) 632-8002 (Fax)
ccox@ywcllp.com

Attorney-in-Charge for Plaintiff
Fulcrum Credit Partners LLC

**Certificate of Service**

I certify that a true and correct copy of this pleading was served upon all counsel of record, via ECF, electronic mail on this the 26th day of April, 2010.

/s/ Collin J. Cox
Collin J. Cox