IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FULCRUM CREDIT PARTNERS LLC | § § | |
| Plaintiff, | § § | Case No. A-10-CA-137 LY |
| STRATEGIC CAPITAL RESOURCES, INC. | § § § | |
| Defendant. | § § | |

## DEFENDANT'S MOTION TO COMPEL

Because there are documents which **Fulcrum Credit Partners, LLC ("Fulcrum" or "Plaintiff"** has refused to produce which **Strategic Capital Resources, Inc. ("Strategic" or "Defendant")** believes are crucial to the development of its case, Strategic hereby files this Motion to Compel as follows:

## BACKGROUND

1.   Despite the fact that Plaintiff admits that it never discussed recourse provisions prior to February 23, 2010, the day recourse provisions were unilaterally included in a proposed Purchase and Sale Agreement sent to Strategic, Plaintiff claims that it had a binding contract with Strategic to buy approximately $46,000,000.00 in claims in the bankruptcy proceedings of TOUSA, Inc. and TOUSA Homes, Inc. (the "TOUSA Claims") Plaintiff admits it never discussed recourse

with Strategic during the negotiations to purchase the TOUSA Claims other than two references in Plaintiff's Standard Terms and Conditions, which were emailed as attachments in October of 2009 and February of 2010. Recourse was never agreed to or even discussed and Strategic asserts that the failure to reach agreement on this material term, in and of itself, negates the existence of a binding contract.

## INTERROGATORY NO. 6

2.   In Interrogatory No. 6, Strategic requested that Plaintiff identify all persons with whom it had communicated regarding purchase of any claims in the TOUSA bankruptcy.[1] In response, Plaintiff stated: "Fulcrum communicated with David Miller regarding the purchase of the TOUSA claims." On June 15, 2010, Strategic pointed out that the answer appeared to indicate that Fulcrum did not attempt to buy any claims in the TOUSA bankruptcy other than Strategic's claims and asked, "[i]f you did attempt to buy any other claims in the TOUSA bankruptcy, please supplement this response."[2]

3.   On June 29, 2010, counsel for Plaintiff responded: "Fulcrum will supplement its response."[3] Nevertheless, when Fulcrum served its Supplemental Responses to Defendant's First

---

[1] A true and correct copy of Fulcrum's Responses to Strategic's First Set of Interrogatories is attached hereto and incorporated herein for all purposes as Exhibit "A".
[2] A true and correct copy of the June 15, 2010 letter to Fulcrum's counsel is attached hereto and incorporated herein for all purposes as Exhibit "B". The discussion regarding this Interrogatory is found at the bottom of page 2 and the top of page 3.
[3] A true and correct copy of the June 29, 2010 letter from Fulcrum's counsel is attached hereto and incorporated herein

Requests for Production and Interrogatories, it responded to Interrogatory No. 6 stating: "Fulcrum objects that this Interrogatory is overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence."[4]

4.  Strategic submits that this objection, even if it were timely, is unfounded. During the March 2, 2010, hearing on the request for a temporary injunction, Plaintiff's witnesses repeatedly testified that this is how they always conducted purchases of bankruptcy claims and that the course of dealing did not change with Strategic. Additionally, the documents produced by Plaintiff show a claim that they had just purchased another claim in the TOUSA bankruptcy in the range of $20-30MM.[5] Strategic submits that it is entitled to know, at the very least, what that claim was and to locate the documents related to that attempted purchase. Further, Strategic asserts that it is entitled to know the other parties with whom Fulcrum dealt regarding attempts to purchase TOUSA claims and how Fulcrum dealt with those potential sellers and whether the issue of recourse was mentioned.

5.  Fulcrum's entire case is founded on the way it does business, most notably its claim that Strategic was bound to submit to recourse provisions when Plaintiff's only reference to

---

for all purposes as Exhibit "C". The discussion regarding this Interrogatory is found toward the bottom of page 2.

[4] A true and correct copy of Fulcrum's July 2, 2010 Supplemental Responses is attached hereto and incorporated herein for all purposes as Exhibit "D". The Supplemental Response to Interrogatory No. 6 is found on page 3.

[5] A true and correct copy of pages FCP01093-01094, which shows the referenced communication, is incorporated herein for all purposes as Exhibit "E". Because Plaintiff has designated this document as "Confidential" pursuant to the Court's Order of March 24, 2010, it will be filed separately under seal by separate Motion.

recourse during all of the negotiations was contained in Fulcrum's Standard Terms and Conditions. In Request for Admission No. 4, Strategic asked: "Please admit or deny that, with the exception of any reference in your "Standard Terms and Conditions"[6], you never mentioned that you would require recourse in your purchase of Strategic's claims in the TOUSA bankruptcy. Fulcrum responded: "With the exception of references to recourse in Fulcrum's "Standard Terms and Conditions," which were delivered to Strategic for review on several occasions, and which were incorporated into the parties' trade date agreement, admitted."[7]

6. In order to develop its defense, Strategic must be allowed to know the identities of the other parties from which Fulcrum sought to buy TOUSA claims and see the documents relating to Fulcrum's dealings with the other potential purchasers. Strategic therefore requests that the Court compel Plaintiff to fully respond to Interrogatory No. 6.

## REQUEST FOR PRODUCTION NO. 6

7. In Request for Production No. 6,[8] Strategic requested: All documents concerning communications with any person, including without limitation Strategic, regarding the potential

---

[6] The Standard Terms and Conditions are contained in Fulcrum's Exhibit 4 which was tendered at the Temportary Injunction hearing on March 2, 2010. Recourse is only mentioned in a general manner in Paragraph 6 of that document.
[7] A true and correct copy of Fulcrum's Responses to Defendant's First Requests for Admission is attached hereto and incorporated herein for all purposes as Exhibit "F".
[8] A true and correct copy of Fulcrum's Responses to Defendant's First Set of Requests for Production is attached hereto and incorporated herein for all purposes as Exhibit "G". The Responses to Requests 4, 5 and 6 are found on page 3.

purchase of the any [sic] claims in the TOUSA bankruptcy. Although Plaintiff replied that "[s]ubject to the foregoing objections, responsive documents will be produced", the only documents produced by Plaintiff related to its efforts to purchase Strategic's claims.

8.   As set forth in paragraphs 2 through 6, *supra*, Fulcrum's dealings with its other prospective sellers is crucial to development of Strategic's defense against Plaintiff's claims herein. Fulcrum did not specifically object to the Request and left Strategic to assume that it had complied.

9.   When asked about this Request, Fulcrum's counsel replied that the general objections cover their position and stated that documents regarding the potential purchase of any claims in the TOUSA bankruptcy, other than those owned by Strategic, are utterly irrelevant to our dispute. Strategic strenuously disagrees with Plaintiff's assertions that Plaintiff is entitled to determine the bounds of relevance or what might lead to the discovery of relevant information and therefore seeks that this Court compel production of the documents responsive to this Request.

## REQUESTS FOR PRODUCTION NOS. 4 AND 5

10.   By Request for Production No. 4, Strategic asked Fulcrum to produce: "All documents which represent or demonstrate Fulcrum's ability to perform its claimed agreement with Strategic as of February of 2010." Fulcrum responded: "Fulcrum objects that the phrase "ability to perform its claimed agreement" is overly broad and vague. Subject to the foregoing objections, responsive documents will be produced to support Fulcrum's claim for damages in this case." By

Request for Production No. 5, Strategic asked Fulcrum to produce: "All financial statements concerning Fulcrum given to any third party from January 1, 2009 to present. Fulcrum responded: "Fulcrum objects that this Request is overly broad and seeks information that will not lead to the discovery of admissible evidence. Fulcrum further objects that the phrase "all financial statements concerning Fulcrum" is overly broad and vague.

11. The undersigned's letter of June 15, 2010 raised these issues as well. It pointed out that Request No. 4 was designed to obtain production of documents that show that Fulcrum was finacially able and had the funds to perform the agreement it claimed it had with Strategic which is the basis of the suit. Similarly, Strategic's Request No. 5 was designed to determine what information Fulcrum had given to third parties and whether that information showed that it had the ability to perform the agreement it claimed to have in February of 2010. That letter went on to note that the confidentiality order was in place and Strategic was only asking for information that had already been provided to third parties.[9]

12. On June 29, 2010, Fulcrum's counsel responded that Request for Production No. 4 was poorly worded and then stated: "If Strategic submits that it requests only "documents which represent of demonstrate Fulcrum's financial ability to perform" the agreement with Strategic, Fulcrum will withdraw its objections and produce responsive document, if they have not already

---

[9] *See* Exhibit B, p. 2.

been produced."[10]  As for Request for Production No. 5, Fulcrum claimed the request was unduly burdensome and not reasonably likely to lead to admissible evidence.  Fulcrum claimed it should not be required to produce every iteration of financial statements given to any third party during the requested time period.  Fulcrum represented that it was willing to consider limitations of the request that Strategic might propose.

13.  On July 1, 2010, Strategic responded and thanked counsel for his response on Request for Production No. 4 and pointed out that the objection to Request for Production No. 5 still made no sense.[11]  The time was limited to January 1, 2009 to present and Fulcrum first contacted Strategic as early as July 22, 2008.  Strategic asked that Fulcrum's objection be withdrawn and that responsive documents be produced.  Strategic also offered to consider any other limitation that Fulcrum might suggest.

14.  No resolution has been reached.  Plaintiff has provided two unaudited balance sheets from 2010 which have no backup.  From those, it is impossible to tell what liquid assets Fulcrum had on those dates or whether the assets claimed were pledged or restricted.  Recently, Fulcrum submitted 2010 statements from bank accounts, also designated confidential.[12]  They were bank

---

[10] *See* Exhibit C, p. 1.
[11] A true and correct copy of the July 1, 2010 letter to Fulcrum's counsel is attached hereto and incorporated herein for all purposes as Exhibit "H".  The discussions referred to are found at the bottom of page 1 and the top of page 2.
[12] A true and correct copy of the unaudited balance sheets and bank statements are incorporated herein for all purposes as Exhibit "I".  Because Plaintiff has designated this document as "Confidential" pursuant to the Court's Order of March 24, 2010, it will be filed separately under seal by separate Motion.

accounts of three Fulcrum entities and there was only one account in Plaintiff's name, which did not show sufficient funds to pay the amount that would have been due if the contemplated contract had been performed.

15. By recent email, Plaintiff now claims that it does not have audited financials from this period, nor did it give "profit and loss" statements to third parties during this period. For a business handling claims the size of Fulcrum's claims in this matter, this response strains credulity. Strategic respectfully requests that the Court overrule Fulcrum's objections and that Plaintiff be compelled to produce responsive documents in whatever time period the Court chooses.

16. Defendant respectfully requests that, to the extent the Court has any questions or comments arising out of this Motion or its Exhibits, the Court set this Motion for an oral hearing.

WHEREFORE, Strategic Capital Resources, Inc. prays that its Motion to Compel be granted, that Plaintiff's objections be overruled and that Fulcrum be compelled to fully respond to Interrogatory No. 6 and to produce all documents requested by Request for Production Nos. 4, 5 and 6, and that it have such other and further relief to which it may show itself entitled.

Respectfully submitted,

WILSON, CRIBBS & GOREN, P.C.

*/s/ H. Fred Cook*

H. Fred Cook
State Bar No. 04732500
Federal No. 5171
2500 Fannin St.
Houston, Texas 77002
Tel: 713-222-9000
Fax: 713-229-8824
Email: hfcook@wcglaw.net
**COUNSEL FOR STRATEGIC CAPITAL RESOURCES, INC.**

## CERTIFICATE OF CONFERENCE

The undersigned certified that he has conferred on numerous occasions with Mr. Collin Cox, Attorney in Charge, for Plaintiff, and that they have not been able to resolve these issues based primarily upon the parties differing views of the scope of discovery.

*/s/ H. Fred Cook*

H. Fred Cook

## CERTIFICATE OF SERVICE

The undersigned certified that on August 19th 2010, a copy of the foregoing was served via ECF, upon the following:

Collin Cox
Yetter & Coleman, L.L.P.
909 Fannin, Suite 3600
Houston, Texas 77010
Facsimile 713-632-8002
Email: ccox@yettercoleman.com

_____
H. Fred Cook