IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FULCRUM CREDIT PARTNERS LLC,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | Case No. A-10-CA-137 LY |
| | § | |
| STRATEGIC CAPITAL RESOURCES,<br>INC.<br>    Defendant. | §<br>§<br>§<br>§ | |

**FULCRUM'S RESPONSE TO STRATEGIC'S OBJECTION TO PLAINTIFF'S
SUMMARY JUDGMENT EVIDENCE**

TO THE HONORABLE COURT:

Fulcrum Credit Partners LLC ("Fulcrum") responds as follows to Strategic Capital Resources, Inc.'s ("Strategic") Objection to Plaintiff's Summary Judgment Evidence (Dkt. #81):

1. Peter Herzog, a Fulcrum employee, negotiated a binding trade deal to buy Strategic's claims in the TOUSA bankruptcy. Now, Strategic objects to a handful of sentences in Peter Herzog's summary judgment declaration on the grounds that they constitute expert opinions. This objection is misplaced, as many courts have recognized that "[t]he lay opinion regarding customs of the trade and professional dealings has been permitted by witnesses who were engaged in those industries." *Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp. 2d 601, 606 (D.N.J. 2004); *see also United States v. Erickson*, 75 F.3d 470, 475-76 (9th Cir. 1996) (finding no abuse of discretion where the district court permitted nine "ophthalmologists, CRNA's, nurse anesthetists and billing consultants" to testify "as lay witnesses regarding industry practices and the common understanding of billing instructions" in a Medicare fraud case). Accordingly, Mr. Herzog's testimony should be construed simply as fact testimony, which includes his personal

industry experience as it relates to the transaction that he was conducting. This testimony is sufficient to raise triable issues of fact that preclude summary judgment.

    2.    Mr. Herzog is the Fulcrum representative who personally dealt with Strategic throughout the TOUSA bankruptcy. As described in his declaration, Mr. Herzog has negotiated hundreds of similar trade claims on Fulcrum's behalf for the last several years. (Herzog Decl. at ¶2).

    3.    In this capacity, Mr. Herzog simply describes why he believes that the "standard terms" have proven customary in his many transactions, and why he believed, pursuant to those standard terms, that his company had entered into a binding transaction with Strategic. Both are relevant to the summary judgment motion because they tell the story of how Fulcrum's negotiations with Strategic lead to a binding commitment, placing both parties on the hook.

    4.    Neither opinion should be construed as expert testimony. Mr. Herzog is not being asked to develop opinions based on hypotheticals or facts of which he does not personal knowledge. What is "customary" in the claims-trading industry is simply a fact that Mr. Herzog relates, based on his own experience and not upon the experience or standards of others. The fact that his personal observations of this custom are not isolated to a particular day, but are spread out over several years, does not render his testimony inadmissible. Strategic is free, of course, to cross-examine Mr. Herzog on these very issues.

    5.    Mr. Herzog's observation that he reached a "binding agreement" is not an impermissible legal opinion. Based on the stated facts, Mr. Herzog simply perceived that Strategic was committed, and Mr. Herzog intended that his company, Fulcrum, would be bound to the transaction. Both of these facts are at the heart of the parties' dispute. Again, at trial, Strategic will no doubt explore these issues with Mr. Herzog.

6.      If the Court does construe Mr. Herzog's testimony as expert testimony, the Court nevertheless should deny Strategic's motion.  In no way has Strategic been prejudiced or surprised.  Mr. Herzog has been deposed on his observations and views on this particular transaction between Strategic and Fulcrum.  His January 3, 2011 declaration simply supplements the disclosure of Fulcrum's principals, Matthew Hamilton and Tim Horrigan (who were not the lead representatives dealing with Strategic, like Mr. Herzog), on December 8.  Strategic does not suggest that it would have done anything differently when it filed its December 15 motion for summary judgment had it known of Mr. Herzog's declaration, so its "first and foremost" objection is nonsubstantive.

| | |
|---|---|
| February 1, 2011 | Respectfully submitted, |
| | |
| Of Counsel: | /s/ Collin J. Cox |
| R. Paul Yetter | Collin J. Cox |
| State Bar No. 22154200 | State Bar No. 24031977 |
| Deborah J. Karakowsky | YETTER COLEMAN LLP |
| State Bar No. 24065537 | 909 Fannin, Suite 3600 |
| YETTER COLEMAN LLP | Houston, Texas 77010 |
| 909 Fannin, Suite 3600 | (713) 632-8000 |
| Houston, Texas 77010 | (713) 632-8002 (Fax) |
| (713) 632-8000 | ccox@yettercoleman.com |
| (713) 632-8002 (Fax) | |
| | Attorney-in-Charge for Plaintiff |
| | Fulcrum Credit Partners LLC |

**Certificate of Service**

    I certify that a true and correct copy of this response was served upon all counsel of record, via ECF, electronic mail on this the 1st day of February, 2011.

  Jeffrey D. Otto
  Michael B. Johnson
  Thompson, Coe, Cousins & Irons, LLP
  701 Brazos, Suite 1500
  Austin, Texas 78701

  Alison H. Moore
  Thompson, Coe, Cousins & Irons, LLP
  700 N. Pearl Street, 25th Floor
  Dallas, Texas 75201

                /s/ Collin J. Cox
                Collin J. Cox