IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FULCRUM CREDIT PARTNERS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CAUSE NO. A-10-CA-137 LY |
| | § | |
| STRATEGIC CAPITAL RESOURCES, INC., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Strategic Capital Resources, Inc.'s Amended Motion for Summary Judgment and Brief in Support, filed December 17, 2010 (Clerk's Dkt. #65); Fulcrum's Response to Strategic's Amended Motion for Summary Judgment and Brief in Support, filed January 3, 2011 (Clerk's Dkt. #70); Defendant Strategic Capital Resources Inc.'s Reply Brief in Support of its Amended Motion for Summary Judgment, filed January 18, 2011 (Clerk's Dkt. #80); Defendant Strategic Capital Resources Inc.'s Objection to Plaintiff's Summary Judgment Evidence, filed January 18, 2011 (Clerk's Dkt. #81); and Fulcrum's Response to Strategic's Objection to Plaintiff's Summary Judgment Evidence, filed February 1, 2011 (Clerk's Dkt. #89).  The matters were referred by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.  After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

## I.  PROCEDURAL HISTORY

In this action, Plaintiff Fulcrum Credit Partner, LLC ("Fulcrum") alleges Strategic Capital Resources, Inc. ("Strategic") violated a contractual agreement to convey approximately $46 million in claims from the bankruptcy of TOUSA Homes, Inc. ("TOUSA").  According to Plaintiff, the parties agreed in February 2010 to the contract.  However, on or about February 23, 2010, Strategic informed Fulcrum it did not consider the agreement binding.  (Plf. 1st Am. Compl. ¶¶ 1-16).  Plaintiff filed suit in Texas state court the following day.  Strategic removed the action to this Court on February 26, 2010.  Plaintiff asserts claims for breach of contract, unjust enrichment and money had and received.  (*Id*. ¶¶ 17-24).

Defendant has now filed a motion for summary judgment.  By way of the motion, Strategic contends: (1) the parties did not enter into an enforceable contract; (2) Plaintiff seeks an improper measure of damages for breach of contract; and (3) Plaintiff's alternative claims for unjust enrichment and money had and received fail.  The parties have filed responsive pleadings and the matters are now ripe for determination.

## II.  FACTUAL BACKGROUND

Strategic is in the business of purchasing model homes from, and them leasing them back to, large homebuilders.  (Def. Mot. for Summ. Jt. Ex. A ("Miller Depo.") at 14-15).  As part of its business, Strategic had multiple agreements with TOUSA, guaranteed by TOUSA, Inc.  In January 2008, TOUSA, Inc. and TOUSA declared Chapter 11 bankruptcy.  As a result, Strategic was an unsecured creditor with claims totaling approximately $46 million.  (*Id*. at 19-25).

Fulcrum's primary business is the buying and selling of distressed trade claims and bank loans.[1]  (*Id*. Ex. B at 43).  On July 22, 2008 Peter Herzog ("Herzog") of Fulcrum contacted David

---

[1] "  There is a market for the purchase and sale of claims held by creditors against debtors in bankruptcy .... It is sometimes referred to as the 'trade claim industry' or 'trade claim market.' Normally, a purchaser of a claim ... pays a percentage of the face value of a claim as the purchase price. The purchaser is betting that he is paying less for the claim than will ultimately be paid out by the bankruptcy court, or that he can sell it to a third party for a higher price prior

Miller ("Miller") of Strategic by email.  Herzog inquired about acquiring Strategic's claims in the TOUSA bankruptcy.  (Plf. Resp. Ex. 2).

On October 13, 2009 Miller and Herzog again communicated by email.  Miller offered Strategic's claims at a discounted percentage.  (Miller Depo. at 36).  Although Herzog stated he needed to obtain approval, he emailed terms and conditions to Miller, stating the terms will govern "[i]f we come to agreement on economic terms."  (Def. Mot. for Summ. Jt. Ex. E).  Miller testified he forwarded those terms to his lawyer, but did not read them until some time later.  Miller also testified that, in his discussions with Herzog, he made clear he would not agree to a recourse provision.  (Plf. Resp. Ex. 6 at 44-46).  Herzog could not recall ever having a discussion with Miller concerning the specifics of the terms.  (Def. Mot. for Summ. Jt. Ex. C ("Herzog Depo.") at 98-100).

Strategic and Fulcrum continued to negotiate.  On January 15, 2010, Miller sent an email to Herzog in which he stated he had entered into an agreement to sell Strategic's claims to another buyer.  (*Id*. at 158-59).  That sale did not close, however.  (Miller Depo. at 110-11).  On February 4, 2010, Miller and Herzog had the following email exchange:

> Herzog:    You are offering half of the $46 MM at [agreed price] subject to a 25% holdback. . . . Please confirm

> Miller:    . . . Good till 3PM EST today. . . .

> Herzog:    We are in agreement subject to our standard terms.  We will purchase half of the $46MM TOUSA claim at [agreed price] subject to a 25% holdback. Please confirm so I can have my back office start on the confirms. . . .

> Miller:    Confirmend. [sic] 2 week closing

> Herzog:    Confirming you are offering all $46MM of the TOUSA claim at [agreed price] subject to a 25% holdback.

> Miller:    Confirmed with two week closing.

---

to the confirmation of the liquidation plan in the bankruptcy court."  *APS Capital Corp. v. Mesa Air Group, Inc.,* 580 F.3d 265, 268 n.1 (5th Cir. 2009) (quoting *Bear Stearns Inv. Prod. v. Hitachi Auto. Prod. (USA)*, 401 B.R. 598, 604 (S.D.N.Y. 2009)).

(Plf. Resp. Ex. 7).

On February 5, 2010 Fulcrum sent an email to Miller further confirming the transaction.  The email indicated a "Market standard PSA" was attached.  However, the document was not actually attached. (Def. Mot. for Summ. Jt. Ex. H).  Rather, the Purchase and Sale Agreement ("PSA") was sent to Miller for the first time on February 23, 2010 by email.  (*Id*. Exs. B at 168-69; Ex. D ¶ 4; Ex. H-I).  Less than five hours later Miller responded to the email stating "the agreement is an absolute joke" and that Strategic was "no longer willing to pursue the sale of these claims with you." (*Id*. Ex. K).  Strategic thereafter sold the TOUSA claims to a different buyer.  (*Id*. Miller Depo. at 252-53, Ex. D ¶ 7).

### III.  STANDARD OF REVIEW

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254,106 S. Ct. 2505, 2513 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).  The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87,106 S. Ct. 1348, 1355-56 (1986); *Wise v. E.I. Dupont de Nemours & Co.,* 58 F.3d 193, 195 (5th Cir. 1995).  The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence.  *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir. 1992).

4

The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 110, 122 (1993).  The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial.  *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000).  "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted."  *Id*.

## IV.  ANALYSIS

### A.  Evidentiary Objections

As an initial matter Defendant objects to one of the exhibits submitted by Plaintiff in response to Strategic's motion for summary judgment and moves to strike the evidence.  Strategic conteds portions of Plaintiff's Exhibit 8, the declaration of Peter A. Herzog, are improper legal conclusion and expert testimony.  However, because the undersigned did not rely on this evidence in analyzing Defendant's summary judgment motion, the objection need not be resolved.

### B.    Contract Formation

Defendant has moved for summary judgment on Plaintiff's claim for breach of contract, arguing the parties did not enter into an enforceable contract.

#### 1.  Applicable Law

In order to be legally binding, a contract must be sufficiently definite in its terms so that a court can understand what the promisor undertook.  *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992); *Bendalin v. Delgado*, 406 S.W.2d 897, 899 (Tex. 1966).  Where an essential term is open for future negotiations, there is no binding contract.  *Stanley Boot*, 847 S.W.2d at 221.  *See also Liberto v. D.F. Stauffer Biscuit Co.*, 441 F.3d 318, 323 (5th Cir. 2006) (where agreement leaves essential terms open for future negotiations, it is not binding contract but simply unenforceable 'agreement to agree); *Copeland v. Merrill Lynch & Co.*, 47 F.3d 1415 (5th Cir.

5

1995) (under Texas law agreement not enforceable unless it resolves all essential terms and leaves no material matters open for future negotiation). Intent to be bound is also an essential element of an enforceable contract. *Foreca, S.A. v. GRD Dev. Co.*, 758 S.W.2d 744, 746 (Tex. 1988).

### 2. Discussion

Significantly, as an initial matter, the evidence presented by the parties in their motions for summary judgment is largely the same evidence before the Court in Plaintiff's motion for preliminary injunction. In denying the motion, the Court stated:

> Whether the terms embodied and agreed to in the electronic mail exchanges between Fulcrum and Strategic were intended to be the final expressions of a contract or were only preliminary negotiations which the parties did not intend to have legal significance until execution of the purchase agreement is a question of fact for a trier of fact to determine. The evidence as to the intent of the parties is disputed. In light of the communications between the parties, a trier of fact could decide either way on the question of whether the electronic mail exchanges implied that there was a binding agreement.

ORDER, 3/24/10 at 3.

It is undisputed that no formal, executed agreement between the parties exists. As the Court has previously held, the evidence as to the intent of the parties is disputed. Determination of intent is a matter for the fact finder. *See Interstate Contracting Corp. v. City of Dallas*, 407 F.3d 708, 712 (5th Cir. 2005) (determining parties' intent relating to contract is question of fact); *Matter of Fender*, 12 F.3d 480, 485 (5th Cir. 1994) (under Texas law, determination of parties' intent through extrinsic evidence is question of fact); *Paniagua v. City of Galveston*, 995 F.2d 1310, 1314 n.2 (5th Cir. 1993) (under Texas law, questions about terms of contract are routinely treated as factual). Accordingly, Defendant's motion for summary judgment should be denied as to the question of whether an enforceable contract exists.

### C. Damages

Defendant also seeks summary judgment as to the proper measure of Plaintiff's damages

for breach of contract, should an enforceable contract exist.  Fulcrum alleges in its complaint it was reasonably certain of selling Strategic's claims in the TOUSA bankruptcy to a third party for a higher price or otherwise receiving significant value for the claims.  (Plf. 1st Am. Compl. ¶13). Strategic maintains these "lost profits" are not a proper measure of damages for the alleged breach of contract.

The traditional measure for breach of contract is "the difference between the price contracted to be paid and the value of the article at the time when it should [have been] delivered." *Miga v. Jensen*, 96 S.W.3d 207, 215 (Tex. 2002).  Strategic recognizes Fulcrum has maintained it had an agreement to sell Strategic's TOUSA bankruptcy claims to a third party.  Strategic contends Fulcrum's damages for breach of contract must be limited to the difference between the proposed sale price by Strategic and the purchase price of the third party.

The undersigned disagrees.  Strategic concedes Fulcrum may seek as damages the difference between the price Strategic was offering and the value of the TOUSA bankruptcy claims. The price Fulcrum anticipated selling those claims for may be one measure of that value.  However, Strategic has pointed to no authority which holds that is the only measure of value a party may proffer as evidence of damages for breach of contract.  Rather, Strategic has simply cited authority holding mere speculation as to damages is an insufficient basis for a jury award.  *See Ramco Oil & Gas Ltd. v. Anglo-Dutch (Tenge) L.L.C.*, 207 S.W.3d 801, 808 (Tex. App.–Houston [14th Dist.] 2006, pet. denied) (party seeking to recover lost profits on breach of contract claim must prove loss with reasonable certainty) (citing *Tex. Instruments, Inc. v. Teletron Energy Mgm't, Inc.*, 877 S.W.2d 276, 279 (Tex. 1994)).  While this authority impinges on Fulcrum's ability to prove damages, it does not necessarily limit Fulcrum to employ only the method for proving damages suggested by Strategic.  Strategic has not, therefore, shown it is entitled to summary judgment on this basis.

7

**D.  Alternative Theories of Recovery**

Defendant further seeks summary judgment as to Fulcrum's claims for unjust enrichment and money had and received.  Strategic contends the only basis Fulcrum has for any claim against Strategic is the purported contractual agreement between them.  Strategic maintains "Fulcrum cannot concoct a scenario where it its [sic] breach of contract claim fails yet it maintains a legal basis to recover from Strategic under unjust enrichment."  (Def. Reply at 10).  Similarly, Strategic asserts "money had and received cannot apply to a scenario where no money changed hands between the parties."  (*Id.*).  Fulcrum, in turn, contends it is entitled to assert alternative equitable theories of recovery in addition to its claim for breach of contract.

"[Q]uasi or constructive contracts, are a class of obligations which are imposed or created by law without regard to the assent of the party bound, on the ground that they are dictated by reason and justice" *Ferrous Prods. Co. v. Gulf States Trading Co.*, 160 Tex. 399, 402-03, 332 S.W.2d 310, 312 (1960).  *See Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) (generally, when valid, express contract covers subject matter of parties' dispute, there can be no recovery under quasi-contract theory).  A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage.  *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550 (5th Cir. 2010); *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992).   Under Texas law, a plaintiff seeking recovery under a theory of money had and received must prove the "defendant holds money which in equity and good conscience belongs to him."  *Staats v. Miller*, 150 Tex. 581, 584, 243 S.W.2d 686, 687 (Tex.1951).

In essence, Strategic argues both of Fulcrum's quasi-contract theories of recovery fail because Strategic neither obtained a benefit nor obtained any money rightfully belonging to Fulcrum.  The undersigned agrees.  Receipt of a benefit or money is central to unjust enrichment

8

and money had and received.  In this case Fulcrum is not claiming Strategic received either, but rather that Strategic retained an asset it owned.  This is not a sufficient basis upon which Fulcrum may recover.  *See Vanderbilt Mortg. & Fin., Inc. v. Flores*, __ F. Supp. 2d __, 2010 WL 4226437, at \*19 (S.D. Tex. Oct. 20, 2010) (granting summary judgment denying claim for money had and received where  no evidence presented to support payment of any money to other parties); *Tex. Carpenters Health Ben. Fund v. Philip Morris, Inc.*, 21 F. Supp. 2d 664, 676 (E.D. Tex. 1998) (dismissing claim of unjust enrichment where alleged benefit was too indirect, remote and speculative); *State of Tex. v. Am. Tobacco Co.*, 14 F. Supp. 2d 956, 972 (E.D. Tex. 1997) (dismissing claim of unjust enrichment because plaintiff did not plead it conferred any benefit upon defendants); *Hagerman v. Wells Fargo*, 2006 WL 2448598, at \*8 (Tex. App–-Austin Aug. 25, 2006, no pet.) (summary judgment properly granted denying claim for money had and received because plaintiff who was not rightful owner of vehicle at time of lease was not entitled to lease proceeds); *Wilson v. Cinemark Corp.*, 858 S.W.2d 645, 648 (Tex. App–Fort Worth 1993, no writ) (upholding summary judgment dismissing claim for unjust enrichment where plaintiff failed to show defendant theater received improper benefit from patrons parking in lot of plaintiff).  *Cf. Day v. Case Credit Corp.*, 427 F.3d 1148, 1154 (8th Cir. 2005) (party claiming unjust enrichment must prove another's receipt of something of value to which he is not entitled and which he should restore).  Accordingly, Defendants' motion for summary judgment as to Plaintiff's claims of unjust enrichment and money had and received should be granted.

## V.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DENY IN PART and GRANT IN PART** Defendant Strategic Capital Resources, Inc.'s Amended Motion for Summary Judgment and Brief in Support (Clerk's Dkt. #65) as set forth above.   The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** Defendant Strategic Capital Resources Inc.'s

Objection to Plaintiff's Summary Judgment Evidence (Clerk's Dkt. #81).

## VI.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of March, 2011.

ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE