IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2011 APR -8  AM 9: 39

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
                    DEPUTY

| | |
|---|---|
| FULCRUM CREDIT PARTNERS LLC, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CAUSE NO. A-10-CA-137-LY |
| § | |
| STRATEGIC CAPITAL § | |
| RESOURCES, INC., § | |
| DEFENDANT. § | |

## ORDER ON *DAUBERT* MOTIONS

Before the Court are the following motions, responses, and replies:  (1) Fulcrum's Motion

to Strike Strategic's Proposed Expert Testimony filed January 5, 2011 (Doc. #74); Defendant's

Response filed January 19, 2011 (Doc. #85); and Fulcrum's Reply filed February 2, 2011

(Doc. #90) and (2) Defendant Strategic Capital Resources, Inc.'s Motion to Exclude Expert

Testimony of Peter M. Lupoff filed March 14, 2011 (Doc. #91); and Defendants' Response filed

March 28, 2011 (Doc. #96). Having reviewed the motions, responses, and replies, the Court renders

the following rulings.

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony,

providing that:

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact
> to understand the evidence or to determine a fact in issue, a witness qualified as an
> expert by knowledge, skill, experience, training, or education, may testify thereto
> in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient
> facts or data, (2) the testimony is the product of reliable principles and methods, and
> (3) the witness has applied the principles and methods reliably to the facts of the
> case.

FED. R. EVID. 702. Rule 702 was amended to incorporate the principles first articulated by the

United States Supreme Court in *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579

(1993). *See* FED. R. CIV. P. 702, Adv. Comm. Notes (2000). Under *Daubert*, expert testimony is admissible only if the proponent demonstrates that: (1) the expert is qualified; (2) the evidence is relevant to the suit; and (3) the evidence is reliable. *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998); *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 989 (5th Cir. 1997).

Following *Daubert* and its progeny, trial courts act as gatekeepers, overseeing the admission of scientific and nonscientific expert testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). Trial courts must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-93. In carrying out this task, district courts have broad latitude in weighing the reliability of expert testimony for admissibility. *See Kumho Tire Co.*, 526 U.S. at 152. The district court's responsibility "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.*

*Daubert* provides the analytical framework for determining whether expert testimony is admissible under Rule 702 of the Federal Rules of Evidence. *See Kumho Tire Co.*, 526 U.S. at 141. This *Daubert* framework includes many factors that can be used to determine the admissibility of expert testimony, including, but not limited to, whether the expert's theory or technique: (1) can be or has been tested; (2) has been subjected to peer review and publication; (3) has a known or potential rate of error or standards controlling its operation; and (4) is generally accepted in the relevant scientific community. *See Daubert*, 509 U.S. at 593-94. Not every *Daubert* factor will be applicable in every situation and a court has discretion to consider other factors it deems relevant.

*See Kumho Tire*, 526 U.S. at 151-52. The Fifth Circuit has directed that, "[i]n the vast majority of cases, the district court first should decide whether the factors mentioned in *Daubert* are appropriate." *Black v. Food Lion, Inc.*, 171 F.3d 308, 311-12 (5th Cir. 1999). Whether *Daubert's* suggested indicia of reliability apply to any given testimony is a fact-specific inquiry dependant on the nature of the issue at hand, the witness's particular expertise, and the subject of the testimony. *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 372 (5th Cir. 2000).

Notwithstanding the dictates of *Daubert* and its progeny, "the rejection of expert testimony is the exception rather than the rule." FED. R. CIV. P. 702, Adv. Comm. Notes (2000). *Daubert* did not work a "'seachange over federal evidence law,'" and "'the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system.'" *See id. (*quoting *United States v. 14.38 Acres of Land, More or Less, Situated in Leflore County, Mississippi*, 80 F.3d 1074, 1078 (5th Cir. 1996)). As *Daubert* recognized, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

### *Motions to Exclude Expert Testimony of Mark Rambin, Peter M. Lupoff, and Former Judge Frank Monroe*

This Court's role as a gatekeeper is not intended to supplant the adversary system in which vigorous cross-examination, presentation of contrary evidence, and careful instruction on burden of proof are means of attacking shaky but admissible evidence. See *id.* Having reviewed the deposition testimony and expert reports of Mark Rambin and Peter M. Lupoff, the Court concludes that the criticisms raised about their opinions and conclusions can be adequately addressed at trial through cross-examination. With regard to former Judge Frank Monroe, the Court finds that Judge

Monroe's conclusions will be neither irrelevant nor confusing to the jury, and his title as "Former Judge Frank Monroe" will not be unduly prejudicial to the jury. Accordingly, the Court will deny the motions to strike the testimony of Mark Rambin, Peter M. Lupoff, and Former Judge Frank Monroe.

### *Motion to Exclude Testimony of Dominic Picca*

Having reviewed the deposition testimony and expert report of Dominic Picca, the Court concludes that the testimony of Picca should be limited as follows: Picca may testify as to trade practices but may not testify as to whether the contract is enforceable, as to what Mr. Peter Herzog knew [ Opinion of Dominic J. Picca, Esq., ¶ 35(i)], as to what Fulcrum contemplated [¶ 35(k)], as to what Strategic would not have agreed to [¶ 36], as to the conclusions stated in Paragraphs 48 and 49 of his Opinion, and may not state a conclusion as to the meeting of the minds. In all other respects, the motion to exclude the testimony of Dominic Picca shall be denied.

**IT IS THEREFORE ORDERED** that Fulcrum's Motion to Strike Strategic's Proposed Expert Testimony filed January 5, 2011 (Doc. #74) is **GRANTED IN PART** as to the testimony of Dominic Picca as provided in this order. In all other respects, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Strategic Capital Resources, Inc.'s Motion to Exclude Expert Testimony of Peter M. Lupoff filed March 14, 2011 (Doc. #91) is **DENIED**.

### *Pretrial Filings*

Pursuant to the local rules of this Court, the parties have an obligation to make certain filings in advance of the final pretrial conference. *See* Rule CV-16(e) of the Local Rules of the United States District Court for the Western District of Texas, as amended. The Court makes the following modifications to such requirements.

**IT IS ORDERED** that the parties meet and confer to agree upon a proposed jury charge, jury instructions, and verdict form, which the parties shall file within the time provided by Local Rule CV-16(e).  If the parties cannot agree on a complete charge, they shall file a partially agreed charge and each party shall file disputed charge materials in the exact form the party desires them. The Court sees no reason why, in a case of this nature, the parties cannot agree on all provisions of the Court's charge.

**IT IS FURTHER ORDERED** that the parties meet, confer, and review each party's proposed exhibits, and  provide the Court, at the final pretrial conference, a list of all exhibits to which there is no objection as to admissibility.

**IT IS FINALLY ORDERED** that, in lieu of the requirement of Local Rule CV-16(e)(3), the parties meet and confer regarding stipulations, and bring to the final pretrial conference their agreed stipulated facts.

**SIGNED** this _____ day of April, 2011.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE