IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FULCRUM CREDIT PARTNERS LLC, | § § § | |
| Plaintiff, | § | |
| v. | § § | CASE NO. A-10-CA-137LY |
| STRATEGIC CAPITAL RESOURCES, INC. | § § | |
| Defendant. | § § | |

## DEFENDANT STRATEGIC CAPITAL RESOURCES, INC.'S REQUESTED JURY DEFINITIONS AND INSTRUCTIONS

TO THE HONORABLE LEE YEAKEL, U.S.D.J:

Defendant Strategic Capital Resources, Inc. ("Strategic") in accordance with this Court's direction and FED. R. CIV. P. 51, files this preliminary written request that this Court instruct the jury as set forth in the attached jury definitions and instructions. By "preliminary," Strategic merely notes that it is impossible to anticipate before trial all potential instructions necessary for the jury to render its verdict, since no evidence has been admitted at this point in time.

The parties have conferred concerning the proposed definitions and instructions. The parties anticipate that their respective filings will reflect agreement on some of the requested jury instructions. The parties will continue to confer with each other in advance of the May 25, 2011, Final Pretrial Conference.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: /s/ Jeff D. Otto
    Jeff D. Otto
    State Bar No. 15345500
    Michael B. Johnson
    State Bar No. 24029639
701 Brazos, Suite 1500
Austin, Texas 78701
Telephone: (512) 708-8200
Telecopy: (512) 708-8777

    Alison H. Moore
    State Bar No. 09836500
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Telecopy: (214) 871-8209

ATTORNEYS FOR DEFENDANT
STRATEGIC CAPITAL RESOURCES, INC.

## CERTIFICATE OF SERVICE

    The undersigned certifies that on May 11, 2011, the above and foregoing document was transmitted electronically to the clerk of the Court using the ECF System for filing and was served upon all counsel of record, via ECF, electronic mail:

Collin J. Cox
Douglas Griffith
Deborah J. Karakowsky
R. Paul Yetter
YETTER COLEMAN LLP
909 Fannin, Suite 3600
Houston, TX 77010

                                            /s/ Jeff D. Otto

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FULCRUM CREDIT PARTNERS LLC, | § § § | |
| Plaintiff, | § | |
| v. | § § | CASE NO. A-10-CA-137LY |
| STRATEGIC CAPITAL RESOURCES, INC. | § § | |
| Defendant. | § § | |

## STRATEGIC CAPITAL RESOURCES, INC.'S REQUESTED INSTRUCTION NO.1
### (Preliminary Instruction)

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the jury, you will decide the disputed questions of fact.

As the judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence.

After opening statements, the plaintiff will call witnesses and present evidence. Then, the defendant will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence. After all the evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence. If you would like to take notes during the trial, you may do so. If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes. If you do not take notes, rely on your own independent memory of the testimony. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than the-recollection of each juror concerning the testimony. Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about the case from any other source.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence. I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

SOURCE: 5th Circuit Pattern Jury Instructions—Civil (2009 Revision), § 1.1.

GIVEN_____     GIVEN AS MODIFIED_____     REFUSED_____

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FULCRUM CREDIT PARTNERS LLC, | § § § | |
| Plaintiff, | § | |
| v. | § § | CASE NO. A-10-CA-137LY |
| STRATEGIC CAPITAL RESOURCES, INC. | § § § | |
| Defendant. | § | |

## STRATEGIC CAPITAL RESOURCES, INC.'S REQUESTED INSTRUCTION NO. 2
### (General Instructions for Charge)

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another. You

may consider such evidence only for the specific limited purposes for which it was admitted. [Specific limiting instructions may be repeated as appropriate.]

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is

indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have

reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

<u>SOURCE</u>:   *See* 5th Circuit Pattern Jury Instructions—Civil (2009 Revision), § 3.1.


GIVEN_____        GIVEN AS MODIFIED_____        REFUSED_____


_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FULCRUM CREDIT PARTNERS LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. A-10-CA-137LY |
| STRATEGIC CAPITAL RESOURCES, INC. | § § | |
| Defendant. | § § | |

### STRATEGIC CAPITAL RESOURCES, INC.'S REQUESTED INSTRUCTION NO. 3
(Burden of Proof When Only Plaintiff Has Burden)

In this case, the plaintiff must prove every essential part of its claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

SOURCE:    5th Circuit Pattern Jury Instructions—Civil (2009 Revision), § 2.20.

GIVEN_____        GIVEN AS MODIFIED_____        REFUSED_____


_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FULCRUM CREDIT PARTNERS LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. A-10-CA-137LY |
| STRATEGIC CAPITAL RESOURCES, INC. | § § § | |
| Defendant. | § | |

### STRATEGIC CAPITAL RESOURCES, INC.'S REQUESTED INSTRUCTION NO. 4
(Consider Damages Only if Necessary)

If the plaintiff has proven its claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

SOURCE:   5th Circuit Pattern Jury Instructions—Civil (2009 Revision), § 15.1.


GIVEN_____        GIVEN AS MODIFIED_____        REFUSED_____


_____
UNITED STATES DISTRICT JUDGE

11

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FULCRUM CREDIT PARTNERS LLC, | § § § | |
| Plaintiff, | § | |
| v. | § § | CASE NO. A-10-CA-137LY |
| STRATEGIC CAPITAL RESOURCES, INC. | § § | |
| Defendant. | § | |

### STRATEGIC CAPITAL RESOURCES, INC.'S REQUESTED INSTRUCTION NO. 5
### (Compensatory Damages & Consequential Damages--Contracts)

If you find that the defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate the plaintiff for the damage that the plaintiff has suffered.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the

plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

> Lost profits, if any, that were a natural, probable, and foreseeable consequence of Strategic Capital Resources, Inc.'s failure to comply.

Do not add any amount for interest on damages, if any.


SOURCES:   5th Circuit Pattern Jury Instructions—Civil (2009 Revision), § 15.2.; Texas Pattern Jury Charges, Business, § 115.4 (2008).

Defendant would additionally note that the Texas Pattern Jury Charge Question on Contract Damages specifically contemplates that the description of the element of damages should be included within the question itself. *See* Texas Pattern Jury Charges, Business, § 115.2 (2008).


GIVEN_____        GIVEN AS MODIFIED_____        REFUSED_____


_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FULCRUM CREDIT PARTNERS LLC, | § § § | |
| Plaintiff, | § | |
| v. | § § | CASE NO. A-10-CA-137LY |
| STRATEGIC CAPITAL RESOURCES, INC. | § § | |
| Defendant. | § § | |

## STRATEGIC CAPITAL RESOURCES, INC.'S REQUESTED INSTRUCTION NO. 6
### (Mitigation of Damages)

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.

If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which it could have avoided through reasonable effort. If you find by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen its damages, you should deny it recovery for those damages which it would have avoided had it taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing its damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce its damages. However, it is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendant has the burden of proving the damages which the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied its burden of proving that the plaintiff's conduct was not reasonable.

<u>SOURCE</u>:      5th Circuit Pattern Jury Instructions—Civil (2009 Revision), § 15.15.

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FULCRUM CREDIT PARTNERS LLC, | § § § | |
| Plaintiff, | § | |
| v. | § § | CASE NO. A-10-CA-137LY |
| STRATEGIC CAPITAL RESOURCES, INC. | § § | |
| Defendant. | § § | |

## STRATEGIC CAPITAL RESOURCES, INC.'S REQUESTED INSTRUCTION NO. 7
### (Duty to Deliberate)

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

SOURCE:    5th Circuit Pattern Jury Instructions—Civil (2009 Revision), § 2.11.


GIVEN_____        GIVEN AS MODIFIED_____        REFUSED_____


_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FULCRUM CREDIT PARTNERS LLC, | § § § | |
| Plaintiff, | § | |
| v. | § § | CASE NO. A-10-CA-137LY |
| STRATEGIC CAPITAL RESOURCES, INC. | § § § | |
| Defendant. | § | |

### STRATEGIC CAPITAL RESOURCES, INC.'S REQUESTED INSTRUCTION NO. 8
(Stipulations of Fact)

The parties have agreed, or stipulated, to the following: [**Read stipulations**].

This means that both sides agree that these are facts. You must therefore treat these facts as having been proved.

SOURCE:   5th Circuit Pattern Jury Instructions—Civil (2009 Revision), § 2.3.


GIVEN_____        GIVEN AS MODIFIED_____        REFUSED_____


_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FULCRUM CREDIT PARTNERS LLC, | § § § | |
| Plaintiff, | § | |
| v. | § § | CASE NO. A-10-CA-137LY |
| STRATEGIC CAPITAL RESOURCES, INC. | § § | |
| Defendant. | § § | |

## STRATEGIC CAPITAL RESOURCES, INC.'S REQUESTED INSTRUCTION NO. 9
### (Existence of an Agreement)

In deciding whether the parties reached an agreement, in Question No. 1 you must find that:

1) both parties had a meeting of the minds on all essential terms and conditions;

2) both parties intended to enter into a final expression of a contract for the sale of the TOUSA claims; and

3) no essential term or condition of the sale was left open for future negotiations.

SOURCES: For Subpart No. 1, *see* Texas Pattern Jury Charges, Business, § 101.1 (2008), comment "Essential Terms" (citing *Smulcer v. Rogers*, 256 S.W.2d 120, 121-22 (Tex. Civ. App.—Ft. Worth 1953, wrti ref'd n.r.e)) (meeting of the minds on essential terms).

For Subpart No. 2, *see* Order Denying Plaintiff Fulcrum's Verified Application for Preliminary Injunction (Dkt. # 18) at 3; *Foreca, S.A. v. GRD Development Co.*, 758 S.W.2d 744, 746 (Tex. 1988).

For Subpart No. 3, *see Fort Worth Independent School Dist. v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex. 2000); Order Denying Plaintiff Fulcrum's Verified Application for Preliminary Injunction (Dkt. # 18) at 3 (citing *Fort Worth Independent School Dist.*)

GIVEN_____    GIVEN AS MODIFIED_____    REFUSED_____

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FULCRUM CREDIT PARTNERS LLC, | § § § | |
| Plaintiff, | § | |
| v. | § § | CASE NO. A-10-CA-137LY |
| STRATEGIC CAPITAL RESOURCES, INC. | § § § | |
| Defendant. | § | |

### STRATEGIC CAPITAL RESOURCES, INC.'S REQUESTED INSTRUCTION NO. 10
(Essential Terms for the Sale of a Bankruptcy Trade Claim)

Essential terms in the sale of bankruptcy trade claims include, but are not necessarily limited to, price, type of claim, amount of claims, recourse obligations, indemnity, and representations and warranties.

SOURCES:  *Bear Stearns Investment Products v. Hitachi Automotive Products (USA), Inc.*, 401 B.R. 598, 617 (S.D.N.Y. 2009); *APS Capital Corp. v. Mesa Air Group, Inc.*, 580 F.3d 265, 272 (5th Cir. 2009); *Knight v. Sharif*, 875 F.2d 516, 524 (5th Cir. 1989).

Defendant would further note that the Texas Pattern Jury Charge § 101.1 specifically contemplates that the disputed essential terms should be included in the Question itself. *See* Texas Pattern Jury Charges, Business, § 101.1 (2008), comment "Essential Terms."

GIVEN_____     GIVEN AS MODIFIED_____     REFUSED_____

_____
UNITED STATES DISTRICT JUDGE

19

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FULCRUM CREDIT PARTNERS LLC, | § § § | |
| Plaintiff, | § | |
| v. | § § | CASE NO. A-10-CA-137LY |
| STRATEGIC CAPITAL RESOURCES, INC. | § § § | |
| Defendant. | § | |

## STRATEGIC CAPITAL RESOURCES, INC.'S REQUESTED INSTRUCTION NO. 11
### (Silence Not Construed as Assent)

Generally, silence and inaction cannot be construed as an assent to an offer.

SOURCES:   *Texas Association Of Counties County Government Risk Management Pool v. Matagorda County*, 52 S.W.3d 128, 132 (Tex. 2001); Texas Pattern Jury Charges, Business, § 101.3 (2008), comment "Source of Instruction" (citing *Matagorda County*).

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____
UNITED STATES DISTRICT JUDGE