IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2011 AUG 24  AM 9: 55
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY

| | | |
|---|---|---|
| FULCRUM CREDIT PARTNERS LLC, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. A-10-CA-137-LY |
| | § | |
| STRATEGIC CAPITAL | § | |
| RESOURCES, INC., | § | |
| DEFENDANT. | § | |

## ORDER ON POST-VERDICT MOTIONS

Before the Court are Defendant Strategic Capital Resources, Inc.'s Renewed Motion for Judgment as a Matter of Law filed July 12, 2011 (Doc. #156) and Fulcrum's Response filed July 22, 2011 (Doc. #159); and Defendant Strategic Capital Resources, Inc.'s Motion for New Trial filed July 12, 2011 (Doc. #158) and Fulcrum's Response filed July 22, 2011 (Doc. #160). Also before the Court is Fulcrum's Motion to Alter or Amend the Judgment to Include an Award of Prejudgment Interest and to Apply Postjudgment Interest to the Entire Award filed July 12, 2011 (Doc. #157).

*Renewed Motion for Judgment as a Matter of Law*

A renewed motion for judgment as a matter of law may only be granted if there is no legally sufficient evidence for a reasonable jury to find for the prevailing party on the issue complained of by the movant. *See* Fed. R. Civ. P. 50; *Rivera v. Union Pac. R.R.*, 378 F.3d 502, 505 (5th Cir. 2004); *see also Flowers v. Southern Reg'l Physician Servs.*, 247 F.3d 229, 235 (5th Cir. 2001). In reviewing the motion, the Court views the evidence and all reasonable inferences in the light most favorable to the nonmovant. *Stevenson v. E.I. DuPont de Nemours & Co.*, 327 F.3d 400, 405 (5th Cir. 2003). Therefore, judgment as a matter of law should only be granted if "the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could

not reach a contrary conclusion." *Flowers*, 247 F.3d at 235 (quoting *Omnitich Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1322 (5th Cir. 1994)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 337 (5th Cir. 2001) (quoting *Reeves*, 530 U.S. at 150-51 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986)). Absent any allegations that there has been an intervening change in the controlling law or that new evidence not previously available has emerged, the Court examines whether the jury's verdict is so against the weight of the evidence that manifest injustice would result if it were allowed to stand. *Id.*

Defendant Strategic Capital Resources, Inc. ("Strategic") seeks judgment as a matter of law on the following grounds: (1) that the agreement between the parties was too indefinite as to several material terms of the proposed transaction to find that it was an enforceable contract; (2) that Plaintiff Fulcrum Credit Partners LLC's ("Fulcrum") Purchase and Sales Agreement so materially differed from the Standard Terms and Conditions that it constituted a counter-offer that Strategic could accept or reject at its election; and (3) that there was not a sufficient evidentiary basis for a reasonable jury to find that there was a binding contract between the parties.

"If a fact-finder examining the full course of conduct and all the relevant extrinsic evidence finds and intent to be bound, then [the] contract should not fail for indefiniteness." *APS Capital Corp. v. Mesa Air Group, Inc.*, 580 F.3d 265, 274 (5th Cir. 2009). The Court addressed these same arguments in Strategic's summary-judgment motion and first motion for judgment as a matter of law, both of which the Court rejected. After examining whether the jury's verdict is so against the weight of the evidence that manifest injustice would result if it were allowed to stand, the Court again concludes that Strategic's grounds for judgment as a matter of law without merit.

*Motion for New Trial*

Motions for a new trial must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued or to argue a case under a new legal theory. *See Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990). Under the Rule 59(e) standard

> [T]he court has considerable discretion in deciding whether to reopen a case . . . That discretion, of course, is not limitless . . . [t]wo important judicial imperatives clash: The need to bring litigation to an end and the need to render just decisions on the basis of all the facts. The task of the district court in such a case is to strike the proper balance between these competing interests.

*Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990).

Strategic seeks a new trial, asserting that: (1) the damage award was excessive; (2) the recorded telephone conversations should have been excluded from the evidence; (3) the correspondence between Strategic and other potential purchasers should have been excluded from the evidence; (4) Question One on the Verdict Form improperly commented on the evidence; (5) the Court improperly refused to include several instructions to the jury concerning contract formation; and (6) the verdict was against the great weight of the evidence. The Court finds that the evidence at trial supports the jury's damage award and that Strategic has failed to demonstrate that Fulcrum's damages were excessive. Further, the Court concludes that the recorded telephone conversations between the parties and the correspondence between Strategic and its other potential purchasers were properly admitted.

With regard to Strategic's objections to the jury's instructions, the Court notes that Strategic fails submit any legal authority to support its contentions. The Court finds that Question One on the Verdict Form adequately directs the jury to the relevant documents in evidence without commenting

on their weight with the jury. *See generally*, *Foreca, S.A. v. GRD Dev. Co., Inc.*, 758 S.W.2d 744, 745 n.1 (Tex. 1988). Finally, the Court finds Strategic's final argument that the jury's verdict in response to Question One was against the great weight of the evidence without merit. Therefore, the Court concludes that Strategic's motion for new trial should be denied.

*Motion to Alter or Amend Judgment*

Fulcrum's motion seeks to alter or amend the Final Judgment in this cause to include prejudgment interest and provide a calculation for applicable postjudgment interest based upon Fulcrum's total recovery, including actual damages, prejudgment interest, fees, and costs. As of the date of this order, Strategic has not filed a response to the motion. Because Strategic has failed to file a response, the motions may be granted as unopposed pursuant to Rule CV-7(d) of the Local Rules of the Western District of Texas. Having reviewed the motion, the Court finds that it should be granted and the Final Judgment should be amended to include prejudgment interest and the application of postjudgment interest to the entire award.

**IT IS THEREFORE ORDERED** that Defendant Strategic Capital Resources, Inc.'s Renewed Motion for Judgment as a Matter of Law filed July 12, 2011 (Doc. #156) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Strategic Capital Resources, Inc.'s Motion for New Trial filed July 12, 2011 (Doc. #158) is **DENIED**.

**IT IS FINALLY ORDERED** that Fulcrum's Motion to Alter or Amend the Judgment to Include an Award of Prejudgment Interest and to Apply Postjudgment Interest to the Entire Award filed July 12, 2011 (Doc. #157) is **GRANTED**.

An Amended Final Judgment shall be filed subsequently.

SIGNED this 24th day of August, 2011.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE